SUSSAN & GREENWALD
By: Staci J. Greenwald, Esq.
620 Cranbury Road Suite 212
East Brunswick, NJ 08816
(732) 238-0900 (Office)
(732) 238-0970 (Facsimile)
staci@special-ed-law.com
Attorney for Plaintiffs
SG6284

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.J. and M.S., Individually and as Guardians ad litem of R.J., | **Electronically Filed** |
| Plaintiffs, | **CIVIL ACTION NO.:** |
| v. | |
| MILLBURN TOWNSHIP BOARD OF EDUCATION | **COMPLAINT** |
| Defendant. | |

Plaintiffs, R.J. and M.S., parents of R.J., an educationally disabled student, residing at 9 Edwards Place, in the town of Short Hills, County of Essex, State of New Jersey, say:

### JURISDICTION

1. Jurisdiction is vested in this Court pursuant to *20 U.S.C. §1400 et seq.*, in particular *20 U.S.C. §1415 (i)(2)(A)*, as a party aggrieved by the findings and decision dated July 12, 2007 of the State of New Jersey Office of Administrative Law, in the matter of *R.J. and M.S. as parents of R.J. v. Millburn Township Board of Education*, OAL Docket No.: EDS 3800-2007N, Agency Ref. No.: 2007-12100.

## VENUE

2. Venue is conferred pursuant to *20 U.S.C. § 1391(a) and (b)* in that venue is provided by law, all parties reside within this judicial district, and the claim arose within this judicial district.

## THE PARTIES

3. Plaintiffs, R.J. and M.S. are the parents and legal guardians of R.J., a fifteen year-old student who suffers from multiple disabilities and who at all times relevant hereto, was deemed eligible for reasonable accommodations pursuant to Section 504 of the Rehabilitation Act of 1973, *29 U.S.C. §794.*

4. Defendant, Millburn Township Public School District, is the local educational authority as defined by *20 U.S.C. § 1401(15).*

## STATUTORY AND REGULATORY SCHEME

5. The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA 2004), *20 U.S.C. § 1400 et seq.* provides federal funding to assist states in the education of disabled children.

6. New Jersey has enacted legislation as set forth in *N.J.S.A. 18A:46-1 et seq.*, and regulations as set forth in *N.J.A.C. 6A:14-1.1 et seq.*, encompassing the goals and objectives of IDEIA (2004).

7. Section 504 of the Rehabilitation Act of 1973 provides for protection of disabled students in any program or activity receiving federal financial assistance and requires that they be offered a Free Appropriate Public Education.

## FACTUAL ALLEGATIONS

8. R.J. is a fifteen year-old student who is currently under the protection of Section 504 of the Rehabilitation Act of 1973 as a disabled individual.

9. R.J. is a very bright but emotionally and psychiatrically ill young lady. She is diagnosed with a mood disorder, depressive disorder, anxiety disorder, intermittent explosive disorder and a sleep disorder. She is depressed, highly anxious, displays homicidal thoughts, is verbally and physically aggressive and exhibits self-mutilation

including cutting her arms and legs and burning herself. She has attempted suicide four times, two by overdose and two by self-strangulation.

10. From kindergarten through fourth grade R.J. attended Hartshorn Elementary School located within the Millburn Township Public School District. For fifth, sixth, seventh and part of eighth grade she attended the Pingry School, a private school funded by her parents.

11. During her placement at the Pingry School, R.J.'s emotional and psychiatric functioning began to deteriorate. By seventh grade she was receiving Cs and Ds on her report card. During that time she was self-mutilating herself by cutting her arms, legs and torso and burning herself.

12. On February 18, 2005, R.J. was hospitalized at Four Winds Hospital where she remained through March 18, 2005. Upon discharge she returned to the Pingry School and completed seventh grade.

13. R.J. began eighth grade at the Pingry School. During this time she attended High Focus, a highly therapeutic out-patient program to help address her emotional and psychiatric issues. She attended High Focus from November 28, 2005 through March 3, 2006. She was also psychiatrically hospitalized from January 12, 2006 to January 18, 2006 at Summit Oaks Hospital.

14. Upon discharge from Summit Oaks Hospital she was removed from the Pingry School and placed back in the Millburn Township Public School District at the Millburn Middle School as Plaintiffs believed she required more support than could be provided at Pingry.

15. Even with the increased services available to her, psychologically R.J. continued to deteriorate. She was again hospitalized at Four Winds Hospital from April 19, 2006 through May 11, 2006. Upon discharge she was again enrolled in an after-school therapeutic program run through Morristown Memorial Hospital. She attended this program from May 16, 2006 through June 19, 2006.

16. By the end of eighth grade the parties agreed that R.J. would need additional support if she were going to continue to be educated within the public school.

R.J. was found eligible for services under Section 504 of the Rehabilitation Act of 1973 and a 504 Plan was developed. It was the intention of the parties that R.J. would attend Millburn Township High School with a Section 504 Plan commencing in September 2006.

17. Unfortunately, prior to the 2006-2007 school year starting, R.J.'s psychiatric and emotional functioning further deteriorated. She was placed in the High Focus Intensive Day Program five and a half hours per day which started on August 24, 2006. She was to have transferred to High Focus' after-school program come September when school started. During her treatment at High Focus however she indicated daily reporting symptoms of depression or urges to cut and a desire not to give up this behavior. High Focus therefore continued her level of support in the intensive out-patient program. During this time she received her academic instruction as well as intensive therapeutic care. Her academic work was supplied by Millburn High School. Her completed assignments were returned to her guidance counselor for grading by her teachers.

18. While at High Focus and on the advice of R.J.'s treating therapist and psychiatrist she was referred to the Child Study Team for evaluation. On September 7, 2006, the Director of Special Services acknowledged the request for the Child Study Team evaluation and forwarded the information to the Child Study Team to set up a mutually convenient time for an identification meeting.

19. During this time R.J. was once again hospitalized on September 18, 2006 at Carrier Clinic. Upon her hospitalization at Carrier she was discharged from the High Focus Center as High Focus made the recommendation that R.J. be placed in a long-term residential facility.

20. R.J. was discharged from Carrier Foundation on September 21, 2006 to the San Marcos Treatment Center in San Marcos, Texas, an intensive residential psychiatric hospital. She remained at the San Marcos Treatment Center from September 21, 2006 through October 30, 2006. While at San Marcos an educational, psychological, and neuropsychological evaluation was conducted. The neuropsychological evaluation

recommended that R.J. be found eligible for special education under the classification category of Emotionally Disturbed, consistent with IDEIA (2004). The evaluations were shared with the Millburn Township Public School District.

21. On September 27, 2006 a meeting was held between Plaintiffs and Defendant to discuss R.J.'s evaluation. Since R.J. was hospitalized the Team indicated they would need to check with the Director of Special Services to determine how to proceed.

22. On October 30, 2006 R.J. was discharged from San Marcos Treatment Center. The recommendation at that time was that she be transferred directly to a highly therapeutic long-term residential school environment where should could receive intensive therapeutic support, 24 hour supervision and have her academic needs addressed. R.J. was discharged to the Grove School located in Madison, Connecticut, a residential facility approved by the New Jersey State Department of Education.

23. Plaintiffs did not hear back from the Child Study Team relative to the Child Study Team evaluations. By letter dated November 6, 2006, Plaintiffs advised the Child Study Team that R.J. had been placed at the Grove School in Madison, Connecticut. Plaintiffs once again requested that R.J. be evaluated by the Child Study Team so that she could be found eligible for special education and related services and an appropriate program developed. In October, this information had previously been provided orally.

24. By letter dated November 14, 2006, Defendant responded acknowledging that the identification meeting that had been originally scheduled for October 19, 2006 was now being rescheduled to November 27, 2006.

25. The evaluation plan meeting occurred on November 27, 2006 at which time Plaintiffs released R.J.'s records from all of her hospitalizations as well as the San Marcos Treatment Center. The evaluation plan was also signed by Plaintiffs. At the time the evaluation plan was signed, Defendant knew that R.J. was attending the Grove School.

26. Due to R.J.'s inability to return home, Plaintiffs requested that the District agree to consider the psychiatric information provided previously by Plaintiffs in lieu of a

new psychiatric evaluation. Plaintiffs also requested that R.J. be interviewed in her current school placement. Defendant responded indicating they would need to wait and see what her status would be following her return to school. If home visits were denied throughout the ninety day evaluation period, consideration would be given to conduct the interview at the Grove School.

27. On November 28, 2006, R.J. was again hospitalized at St. Rafael's Hospital where she remained through December 16, 2006. On December 16, 2006 R.J. was transferred to Four Winds Hospital where she remained through January 3, 2007, at which time she was discharged back to the Grove School.

28. On January 2, 2007 members of the Millburn Township School District Child Study Team observed R.J. at Four Winds Hospital in Katonah, New York.

29. An observation was scheduled to occur at the Grove School on January 22, 2007 and an Eligibility Conference was to take place on February 2, 2007. By letter dated January 19, 2007, Defendant advised Plaintiffs that it would not be completing its evaluation. Instead, it was now the position of Defendant that it was the responsibility of the Madison, Connecticut School District to find R.J. eligible for special education and related services.

30. Plaintiffs disagreed with Defendant's position. Plaintiffs filed a Petition for Due Process through the New Jersey State Department of Education on March 8, 2007 seeking an Order requiring Defendant to complete its evaluation of R.J., convene an Eligibility Conference to find R.J. eligible for special education and related services and develop an appropriate IEP.

31. Defendant filed an Answer on March 21, 2007.

32. The matter was transmitted to the Office of Administrative Law and assigned to the Honorable Joann LaSala Candido. During a Status Conference which was held on May 15, 2007, the parties determined that the matter was ripe for Summary Decision and a briefing schedule was established.

33. The Administrative Law Judge rendered her Decision on July 12, 2007 ruling in favor of Defendant. The Administrative Law Judge found that the Child Find

requirements of *20 U.S.C. §1412 (a)(10)(A)(I)(ll)* requires that the District in which the private school is located be responsible for evaluating R.J. to determine her eligibility for special education and related services.

34. The record of the proceedings set forth above is captioned at *R.J. and M.S. as parents of R.J. v. Millburn Township Board of Education,* OAL Docket No.: EDS 3800-2007N, Agency Ref. No.: 2007-12100.

## COUNT ONE

35. Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through thirty-four (34) as is set forth herein at length.

36. The final decision of the Administrative Law Judge found that Defendant was not responsible for evaluating R.J. and finding her eligible for special education and related services under the Child Find requirements of *20 U.S.C. §1412 (a)(10)(A)(I)(ll)*.

37. The Administrative Law Judge's decision is contrary to the requirements of the Individuals with Disabilities Education Improvement Act of 2004, *20 U.S.C. 1400 et seq.*

## COUNT TWO

38. Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through thirty-four (34) as is set forth herein at length.

39. The Administrative Law Judge erred in finding that R.J.'s placement at the Grove School was a private placement and therefore *20 U.S.C. §1412 (a)(10)(A)* and *N.J.A.C. 6A:14-6.1* are not controlling. R.J. was unilaterally placed at the Grove School pursuant to *N.J.A.C. 6A:14-2.10*.

40. The Administrative Law Judge erred in finding that Plaintiffs withdrew R.J. from Defendant District.

## COUNT THREE

41. Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through thirty-four (34) as is set forth herein at length.

42. As a student eligible for reasonable accommodations under Section 504 of the Rehabilitation Act of 1973, R.J. is entitled to a free, appropriate public education. *34*

*C.F.R. 104.33(c)3* states that "If a public or private residential placement is necessary to provide a free, appropriate public education to a handicapped person because of his or her handicap, the placement, including non-medical care and room and board shall be provided at no cost to the person or his or her parents or guardian. Therefore, under Section 504 of the Rehabilitation Act of 1973 Defendant is the responsible entity for providing such services.

43.  The Court below failed to apply the protections set out in Section 504 of the Rehabilitation Act of 1973, and should have required that Defendant offer R.J. the Free Appropriate Public Education that Section 504 requires.

WHEREFORE, Plaintiffs, R.J. and M.S. respectfully request that this Court grant the following relief:

1.  Reverse the Administrative Law Judge's Decision below.

2.  Enter an Order requiring Defendant to immediately evaluate R.J. to determine her eligibility for special education and related services.

3.  Determining that under Section 504 of the Rehabilitation Act of 1973 R.J. is entitled to a Free Appropriate Public Education and directing that Defendant be responsible for all charges attributable to her placement at The Grove School, commencing with the initial placement.

4.  Enter an Order requiring Defendant to reimburse Plaintiffs for their attorneys' fees related to this action and the proceedings at the administrative level.

5.  Any other relief that this Court deems just and appropriate under the circumstances.

SUSSAN & GREENWALD
ATTORNEYS-AT-LAW

By: _____
STACI J. GREENWALD

Dated: 8/1/07

## CERTIFICATION

The undersigned hereby certifies that this matter is not the subject of any other action or pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. Plaintiffs are not aware of any other parties who should be joined in this action at this time.

SUSSAN & GREENWALD
ATTORNEYS-AT-LAW

By: _____
STACI J. GREENWALD

Dated: 8/1/07

# United States District Court

### DISTRICT OF NEW JERSEY

R.J. & M.S., Individually and as Guardian *ad litems* of R.J.

**SUMMONS IN A CIVIL ACTION**

Plaintiff,

v.

CASE NUMBER:

MILLBURN TOWNSHIP
BOARD OF EDUCATION,

Defendant.

TO: (Name and Address of Defendant)

MILLBURN TOWNSHIP PUBLIC SCHOOLS
434 Millburn Avenue
Millburn, New Jersey 08648

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (Name and address)

STACI J. GREENWALD, ESQ.
SUSSAN & GREENWALD, ESQS.
620 Cranbury Road, Suite 212
East Brunswick, New Jersey 08816

an answer to the Complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____       _____
CLERK                                                              DATE

_____
BY DEPUTY CLERK

# CIVIL COVER SHEET

### I (a) PLAINTIFF

R.J. and M.S., Individually, and as Guardians *ad litem* of R.J.

### DEFENDANT

MILLBURN TOWNSHIP BOARD OF EDUCATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Essex

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Essex

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

STACI J. GREENWALD, ESQUIRE
SUSSAN & GREENWALD
620 Cranbury Road, Suite 212
East Brunswick, New Jersey 08816
732-238-0900

ATTORNEYS (IF KNOWN)

PAUL N. BARGER, ESQUIRE
BARGER & BOLGER
248 Main Street
Chatham, New Jersey 07928
973-635-0660

### II. BASIS OF JURISDICTION

x  3  Federal Question
     (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES

|  | PTF | DEF |
|---|---|---|
| Citizen of This State | x | x |

### IV. CAUSE OF ACTION

*20 U.S.C. § 1415 (i)(3)(b)* – Individuals with Disabilities Education Act, Public Law 99-372/Application for reasonable attorneys fees.

### V. NATURE OF SUIT

x  890 Other Statutory Actions

### VI. REQUESTED IN COMPLAINT

JURY DEMAND  x  NO

DATE: August 1, 2007

SIGNATURE OF ATTORNEY OF RECORD

STACI J. GREENWALD, ESQUIRE